UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HATEM M. SHALABI and PYRAMID GOLD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC RICHFIELD COMPANY, et al., <br><br> Defendants. | CASE NO. C11-505BHS <br><br> ORDER |

This matter comes before the Court on Plaintiffs Hatem M. Shalabi and Pyramid Gold, Inc.'s ("Plaintiffs") motion for remand (Dkt. 15) and Defendants Atlantic Richfield Company ("ARCO"), BP Corporation North America, Inc., BP Products North America, Inc., and BP West Coast Products, LLC's ("Defendants") motion to dismiss and strike the amended complaint (Dkt. 16). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion to remand and grants the motion to strike the amended complaint for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 1, 2011, Plaintiffs filed a complaint against Defendants in the Superior Court of the State of Washington in and for the County of Pierce. Dkt. 2, Declaration of Douglas C. Berry, Exh. A. On March 22, 2011, Defendants removed the action to this Court. Dkt. 1.

ORDER - 1

On April 15, 2011, Plaintiffs filed an amended complaint that added Defendants Delta Environmental Consultants, Inc., Markham Hurd, and Matthew Miller ("Delta Defendants"). Dkt. 14 ("Amended Complaint").

## II. FACTUAL BACKGROUND

Plaintiffs allege that, in December of 2004, they entered into an agreement to purchase a gasoline/diesel station from ARCO. Amended Complaint, ¶ 3.1. Plaintiffs also allege as follows:

> By letter dated December 10, 2004, Defendants informed Plaintiffs that there was no contamination at the facilities purchased by Plaintiffs. Plaintiffs relying on those representations of no contamination proceeded to execute the agreements with Defendants based upon a good faith belief that Defendants had provided accurate information on the status of contamination. Defendants further represented that they had retained Defendant Delta Environmental Consultants, Inc. to perform environmental testing and that their work confirmed no contamination. Defendant Hurd was the Technical Coordinator for the project and Defendant Miller was the Project Manager. Defendant Delta Environmental Consultants, Inc., Defendant Hurd and Defendant Miller (hereinafter "Delta Defendants") knew that their investigation and report was going to be relied upon to support a sale of the real estate. Delta Defendants allowed the BP Defendants to dictate what information was obtained about the true nature of the contamination and what information would be contained in the report. Delta Defendants were therefore willing participants in the failure to fully disclose the true nature of the property and what contamination was truly there. Put another way, Delta Defendants participated in an effort to mislead Plaintiff into thinking that there was no contamination or no significant contamination on the property.

*Id.* 3.2.

Defendants contend that the report prepared by Delta Defendants explicitly stated that its report was intended for use only by ARCO and that the Delta Defendants would not be liable for unauthorized use by third parties. Dkt. 17 at 2-3.

## III. DISCUSSION

Once removal has occurred, a district court has discretion in determining the propriety of post-removal amendments to a complaint that would destroy subject matter jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). 28

U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe*, 157 F.3d at 691. In exercising its discretion, the Court should consider:

> (1) whether the would-be-defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy jurisdiction, (5) the apparent merit of the claims against the new parties, and (6) whether the plaintiff would suffer prejudice without the joinder of the defendants.

*See, e.g., Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006).

In this case, Plaintiffs filed the Amended Complaint and joined Mr. Hurd and Mr. Miller, who Plaintiffs allege are both citizens of Washington. *See* Amended Complaint, ¶¶ 2.7, 2.8. The joinder of these two people destroys the subject matter jurisdiction of the Court because there is no longer complete diversity between the parties. Defendants contend that Plaintiffs added these two defendants only to destroy diversity and seek a remand back to state court. The fact that Plaintiffs filed the Amended Complaint and motion to remand shortly thereafter supports Defendants' contention. Morever, the Amended Complaint is so conclusory that it is impossible to properly evaluate all of the factors set forth above.

Based on the factors the Court is able to currently evaluate, the Court finds that the current state of the record counsels against allowing the amendments. First, the Court is not convinced that Mr. Hurd and Mr. Miller are necessary for the just adjudication of this controversy. It appears that Plaintiffs may still subpoena these individuals to testify at trial, but the record does not support Plaintiffs' contention that they are "necessary" for proper adjudication of Plaintiffs' causes of action.

ORDER - 3

Second, the Court is unable to consider the apparent merit of the claims against Mr. Hurd and Mr. Miller. Thus, a properly briefed motion to amend the pleading would shed light on the issue of whether Plaintiffs have meritorious claims against Mr. Hurd and Mr. Miller.

Finally, the Court finds that Plaintiffs will not be prejudiced by the striking of its amended complaint. This action is in its infancy and Plaintiffs will not be prejudiced by the delay of the consideration of a properly briefed motion to amend.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to remand (Dkt. 15) is **DENIED** and Defendants' motion to strike the amended complaint (Dkt. 16) is **GRANTED**. The Clerk is directed to **STRIKE** the amended complaint (Dkt. 14) and Defendants Delta Environmental Consultants, Inc., Defendants Hurd and Miller are hereby **DISMISSED without prejudice**.

DATED this 5th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge