1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

HATEM M SHALABI and PYRAMID
GOLD, INC.,

                Plaintiffs,

      v.

ATLANTIC RICHFIELD COMPANY, et
al.,

                Defendants.

CASE NO. C11-505 BHS

ORDER DENYING
DEFENDANTS' MOTION TO
COMPEL COMPLIANCE AND
GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTION TO
COMPEL PRODUCTION

14

15       This matter comes before the Court on Defendants Atlantic Richfield Company

16  ("ARCO"), BP Corporation North America, Inc., BP Products North America, Inc., and

17  BP West Coast Products, LLC's ("Defendants") motions to compel (Dkts. 41 & 42). The

18  Court has considered the pleadings filed in support of and in opposition to the motions

19  and the remainder of the file and hereby denies the motion to compel compliance and

20  grants in part and denies in part the motion to compel production for the reasons stated

21  herein.

22

# I. PROCEDURAL HISTORY

On March 1, 2011, Plaintiffs Hatem M. Shalabi and Pyramid Gold, Inc. ("Pyramid") filed a complaint against Defendants in the Superior Court of the State of Washington in and for the County of Pierce.  Dkt. 2, Declaration of Douglas C. Berry ("Berry Decl."), Exh. A.  On March 22, 2011, Defendants removed the action to this Court.  Dkt. 1.

On July 12, 2012, Defendants filed a motion to compel production of documents and for sanctions (Dkt. 41) and a motion to compel compliance with a document subpoena and for order to show cause (Dkt. 42).  On July 23, 2012, IPC, Inc. responded (Dkt. 44) and Pyramid responded (Dkt. 45).  On July 27, 2012, Defendants replied (Dkts. 46 & 47).

# II. DISCUSSION

**A.    Motion to Compel Compliance**

On May 7, 2012, the Defendants issued a third-party subpoena (the "Subpoena") to IPC, and served the Subpoena on IPC on May 8, 2012.  Dkt. 43, Berry Decl., Exh. G. The Subpoena called for the production of documents by no later than May 18, 2012.  *Id*. Defendants filed this motion because IPC had not produced any documents pursuant to the Subpoena.  *Id*. ¶ 10.  In its response, IPC represents that "it has produced all responsive documents it has."  Dkt. 44 at 1.

The Court is unable to compel a party to produce something that it does not possess.  Although Defendants allude to an exclusionary ruling for any subsequently discovered document (Dkt. 47 at 3), the Court will address that issue if and when it

1    materializes.  The Court will also address the authenticity issue when it becomes relevant.

2    Therefore, the Court denies Defendants' motion to compel compliance.

3    **B.      Motion to Compel Production**

4           Defendants move to compel Pyramid to produce documents responsive to

5    Requests for Production ("RFP") 12–15, 22–30, and 33–35.  Dkt. 41 at 3.  With regard to

6    RFP's 12–15, 22, 25–27, 29–30, and 33–35, Pyramid responded that it would provide any

7    responsive document that it finds.  Berry Decl., Exh. E.  Pyramid did not say when it

8    would produce these documents or that an adequate search would be completed before

9    the discovery deadline.  Pyramid contends that it is aware of its duty to search and

10   produce and that it will provide any assurances the Court requires that it has complied

11   with these duties.  Dkt. 45 at 2.  The Court will not require any additional assurances on

12   these RFPs because Defendants are adequately protected for any failure to comply.  *See*

13   Fed. R. Civ. P. 37(c).  Therefore, the Court denies this portion of the motion to compel.

14          With regard to RFP 28, Pyramid contends that it is overly broad.  Dkt. 45 at 2.

15   Objection to part of a request does not constitute a valid objection to the whole request.

16   Fed. R. Civ. P. 34(b)(2)(C).  Therefore, the Court grants Defendants' motion on this RFP

17   and the parties shall meet and confer regarding a relevant scope of the request.

18          With regard to RFP 23–24, Pyramid objects that the requests are overly broad and

19   irrelevant.  The party who resists discovery has the burden to show discovery should not

20   be allowed, and has the burden of clarifying, explaining, and supporting its objections.

21   *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Pyramid has failed to

22   meet its burden.  Documents related to obtaining financing and communications

ORDER - 3

1  regarding the initial purchase may reasonably contain information regarding whether the

2  property in question was contaminated.  Moreover, the requests may be overly broad by

3  asking for documents subsequent to Pyramid becoming aware of the contaminated

4  property, but this does not constitute a valid objection to the entire request.  Therefore,

5  the Court grants Defendants' motion and the parties shall meet and confer regarding

6  relevant scope of the requests.

7  **C.      Sanctions**

8         If a motion to compel is granted in part and denied in part, the Court may

9  apportion the reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(C).  After the

10 meet and confer, the parties must file a joint status report regarding compliance with this

11 order.  If Pyramid continues to object to reasonable discovery requests, the Court may

12 consider sanctions for this motion as well as other appropriate sanctions.

13                                 **III. ORDER**

14        Therefore, it is hereby **ORDERED** that Defendants' motion to compel compliance

15 (Dkt. 42) is **DENIED** and motion to compel production (Dkt. 41) is **GRANTED in part**

16 and **DENIED in part.**

17        Dated this 28th day of August, 2012.

18

19

20        BENJAMIN H. SETTLE
          United States District Judge

21

22

ORDER - 4