UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HATEM M SHALABI and PYRAMID GOLD, INC.,

    Plaintiffs,

v.

ATLANTIC RICHFIELD COMPANY, et al.,

    Defendants.

CASE NO. C11-505 BHS

ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

This matter comes before the Court on Plaintiff Hatem M. Shalabi and Pyramid Gold, Inc.'s ("Plaintiffs") motion to alter or amend judgment (Dkt. 67). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 1, 2011, Plaintiffs filed a complaint against Defendants Atlantic Richfield Company, BP Corporation North America, Inc., BP Products North America, Inc., and BP West Coast Products, LLC's ("Defendants") in the Superior Court of the

ORDER - 1

1  State of Washington in and for the County of Pierce.  Dkt. 2, Exh. A.  On March 22,

2  2011, Defendants removed the action to this Court.  Dkt. 1.

3  On September 19, 2011, Plaintiffs filed an amended complaint against Defendants

4  alleging fraud, fraud in a real estate transaction, and a violation of the Washington

5  Gasoline Dealer Bill of Rights Act ("GDBRA"), RCW Chapter 19.120.  Dkt. 30.

6  On August 2, 2012, Defendants filed a motion for summary judgment.  Dkt. 49.

7  On September 20, 2012, the Court granted the motion (Dkt. 65) and entered judgment in

8  favor of Defendants (Dkt. 66).

9  On October 18, 2012, Plaintiffs filed a motion to alter or amend judgment.  Dkt.

10  67.  On October 29, 2012, Defendants responded.  Dkt. 68.  On November 2, 2012,

11  Plaintiffs replied.  Dkt. 69.

12  **II. DISCUSSION**

13  As a threshold matter, Plaintiffs request that the Court "reconsider" its order

14  granting summary judgment.  Dkt. 67.  Plaintiffs' implicit motion for reconsideration is

15  untimely and, therefore, the Court will consider the motion solely as a motion to alter or

16  amend the judgment.

17  Under Rule 59(e), a district court has discretion to alter or amend a judgment if

18  "(1) the district court is presented with newly discovered evidence, (2) the district court

19  committed clear error or made an initial decision that was manifestly unjust, or (3) there

20  is an intervening change in controlling law."  *Duarte v. Bardales*, 526 F.3d 563, 567 (9th

21  Cir. 2008) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

22

In this case, Plaintiffs argue that the "Court committed clear error and made an initial decision that was manifestly unjust for" numerous reasons. Dkt. 67 at 2. First, Plaintiffs argue that the Court granted summary judgment "on all of Plaintiffs' GDBRA claims on a ground not asserted in" Defendants' motion. *Id*. This is a clear misrepresentation because Defendants' motion provided as follows:

> plaintiffs have not and cannot point to a specific provision of the gasoline dealer agreement that applies because this case has nothing to do with the gasoline dealer relationship under GDBRA. This case deals with the sale of real property, completely independent of the gasoline dealer relationship.

Dkt. 49 at 22. Plaintiffs' argument is without merit and, therefore, the Court denies the motion on this issue.

Second, Plaintiffs contend that the GDBRA applies to the real estate contract between the parties because the GDBRA is applicable to "to any motor fuel franchise or contract entered into . . . ." Dkt. 67 at 4–5. Defendants point out that the argument was not brought to the Court's attention in the initial briefing and Plaintiffs should not get a second bite at the apple. Dkt. 68 at 5–7. The Court agrees. Moreover, the Court is not convinced that Plaintiffs' interpretation of the statute is correct because, if it was, a statute designed to protect franchisees would cover every contract between relevant parties from a franchise-franchisee contract to the sale of a candy bar. If the Ninth Circuit Court of Appeals accepts this argument on appeal, it would seem that the question would have to be certified for clarification. In other words, the Court did not commit clear error. Therefore, the Court denies Plaintiffs' motion on this issue.

1    Finally, Plaintiffs argue that there is a question of fact for trial on their common
2 law fraud claim and the element of justifiable reliance.  Plaintiffs have failed to persuade
3 the Court that it committed clear error, or even manifest error, on this issue.  The Court
4 provided a thorough analysis of the issue and relied on Washington cases that repeatedly
5 reject the "ignorant to what the agreements contained" theory of recovery.  Dkt. 65 at 10–
6 12.  Therefore, the Court denies Plaintiffs' motion on this issue as well.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to alter or amend judgment (Dkt. 67) is **DENIED.**

Dated this 15th day of November, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge