1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

HATEM M SHALABI and PYRAMID
GOLD, INC.,

Plaintiffs,

v.

ATLANTIC RICHFIELD COMPANY, et
al.,

Defendants.

CASE NO. C11-505 BHS

ORDER DENYING PLAINTIFFS'
MOTION TO ALTER OR AMEND
JUDGMENT

14

15

16

17

18

This matter comes before the Court on Plaintiff Hatem M. Shalabi and Pyramid

Gold, Inc.'s ("Plaintiffs") motion to alter or amend judgment (Dkt. 67).  The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby denies the motion for the reasons stated herein.

19

**I. PROCEDURAL HISTORY**

20

21

22

On March 1, 2011, Plaintiffs filed a complaint against Defendants Atlantic

Richfield Company, BP Corporation North America, Inc., BP Products North America,

Inc., and BP West Coast Products, LLC's ("Defendants") in the Superior Court of the

1    State of Washington in and for the County of Pierce.  Dkt. 2, Exh. A.  On March 22,

2    2011, Defendants removed the action to this Court.  Dkt. 1.

3            On September 19, 2011, Plaintiffs filed an amended complaint against Defendants

4    alleging fraud, fraud in a real estate transaction, and a violation of the Washington

5    Gasoline Dealer Bill of Rights Act ("GDBRA"), RCW Chapter 19.120.  Dkt. 30.

6            On August 2, 2012, Defendants filed a motion for summary judgment.  Dkt. 49.

7    On September 20, 2012, the Court granted the motion (Dkt. 65) and entered judgment in

8    favor of Defendants (Dkt. 66).

9            On October 18, 2012, Plaintiffs filed a motion to alter or amend judgment.  Dkt.

10   67.  On October 29, 2012, Defendants responded.  Dkt. 68.  On November 2, 2012,

11   Plaintiffs replied.  Dkt. 69.

12                                    **II. DISCUSSION**

13           As a threshold matter, Plaintiffs request that the Court "reconsider" its order

14   granting summary judgment.  Dkt. 67.  Plaintiffs' implicit motion for reconsideration is

15   untimely and, therefore, the Court will consider the motion solely as a motion to alter or

16   amend the judgment.

17           Under Rule 59(e), a district court has discretion to alter or amend a judgment if

18   "(1) the district court is presented with newly discovered evidence, (2) the district court

19   committed clear error or made an initial decision that was manifestly unjust, or (3) there

20   is an intervening change in controlling law."  *Duarte v. Bardales*, 526 F.3d 563, 567 (9th

21   Cir. 2008) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

22

1    In this case, Plaintiffs argue that the "Court committed clear error and made an

2   initial decision that was manifestly unjust for" numerous reasons.  Dkt. 67 at 2.  First,

3   Plaintiffs argue that the Court granted summary judgment "on all of Plaintiffs' GDBRA

4   claims on a ground not asserted in" Defendants' motion.  *Id*.  This is a clear

5   misrepresentation because Defendants' motion provided as follows:

6           plaintiffs have not and cannot point to a specific provision of the gasoline
            dealer agreement that applies because this case has nothing to do with the
7           gasoline dealer relationship under GDBRA. This case deals with the sale of
            real property, completely independent of the gasoline dealer relationship.
8
    Dkt. 49 at 22.  Plaintiffs' argument is without merit and, therefore, the Court denies the
9
    motion on this issue.
10
11    Second, Plaintiffs contend that the GDBRA applies to the real estate contract

12   between the parties because the GDBRA is applicable to "to any motor fuel franchise or

13   contract entered into . . . ."  Dkt. 67 at 4–5.  Defendants point out that the argument was

14   not brought to the Court's attention in the initial briefing and Plaintiffs should not get a

15   second bite at the apple.  Dkt. 68 at 5–7.  The Court agrees.  Moreover, the Court is not

16   convinced that Plaintiffs' interpretation of the statute is correct because, if it was, a

17   statute designed to protect franchisees would cover every contract between relevant

18   parties from a franchise-franchisee contract to the sale of a candy bar.  If the Ninth

19   Circuit Court of Appeals accepts this argument on appeal, it would seem that the question

20   would have to be certified for clarification.  In other words, the Court did not commit

21   clear error.  Therefore, the Court denies Plaintiffs' motion on this issue.

22

1    Finally, Plaintiffs argue that there is a question of fact for trial on their common

2 law fraud claim and the element of justifiable reliance.  Plaintiffs have failed to persuade

3 the Court that it committed clear error, or even manifest error, on this issue.  The Court

4 provided a thorough analysis of the issue and relied on Washington cases that repeatedly

5 reject the "ignorant to what the agreements contained" theory of recovery.  Dkt. 65 at 10–

6 12.  Therefore, the Court denies Plaintiffs' motion on this issue as well.

7                                **III. ORDER**

8    Therefore, it is hereby **ORDERED** that Plaintiffs' motion to alter or amend

9 judgment (Dkt. 67) is **DENIED.**

10    Dated this 15th day of November, 2012.

11

12

13                              BENJAMIN H. SETTLE
                                United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 4